JUNE TERM, 1859. 511

E. S. Bates, Treas. Mill Creek Township *v.* G. Fries, Treas. Hamilton Co.

## E. S. BATES, Treasurer of Mill Creek Township *v.* GEORGE FRIES, Treasurer of Hamilton County.

### (No. 10,936.)

1. The proceedings against a defaulting county treasurer and the sureties on his official bond, authorized by the 25th section of the act, "prescribing the duties of county treasurers," are not intended to take the place of the previously existing remedies, but to furnish a new and additional remedy.

2. No private action can be maintained against a county treasurer in his official capacity, who refuses to pay an order legally drawn upon funds in the treasury by the county auditor.

3. In such case the treasurer's duty is purely ministerial and mandamus is the proper remedy.

4. But if the treasurer acts willfully and oppressively, and not merely under an honest mistake as to his duty, an action lies against him, in his private capacity, by the party injured, for the damages sustained by his refusal to pay the order.

SPECIAL TERM.—On demurrer to a petition for want of a sufficient statement of cause of action. The petition contains three counts. The first alleges that on the 13th of April, 1859, the plaintiff was treasurer of Mill Creek township, and as such, entitled to the possession of the road-tax fund of that township; that the defendant was treasurer of Hamilton county and had in his possession the sum of $216. 81, belonging to that fund; that the auditor of Hamilton county on that day delivered to the plaintiff his warrant or order on the treasurer for that sum, payable on demand, that on the same day the plaintiff presented the order, but the defendant refused to pay it.

The second count is similar, except that it claims $871 64, being the residue unpaid of an order for $1609 58 for the Mill Creek township fund.

The third count claims $1975 45 belonging to the school fund of Mill Creek township upon a similar state of facts.

*Stallo & McCook*, for plaintiff.

*Parker & Parker*, for defendant.

HOADLY, J.   The question presented is as to how far a public disbursing officer is liable to a private action for public money in his hands which has been appropriated legally to an individual or public body, but which he declines to pay.

The defendant waived the objection that this action should have been brought by Mill Creek township, and I have not found it necessary to consider that question, which is not without its difficulty.

The eighth section of the act "prescribing the duties of county treasurers," (Swan's Stat. 1009,) provides "that the county treasurer, when any order drawn on him as treasurer, by the auditor of his county, is presented for payment shall, if there be money in the treasury for that purpose, redeem the same."

The twenty-fifth section of the same act is as follows: "That if any county treasurer shall fail to make return, fail to make settlement or fail to pay over all money with which he may stand charged, at the time and in the manner prescribed by law, it shall be the duty of the county auditor, on receiving instructions for that purpose from the auditor of State, or from the county commissioners of his county, to cause suit to be instituted against such treasurer and his securities in the court of common pleas of his county; and it shall be lawful for such court at the first term thereof after the commencement of such suit, if the process issued against such treasurer and his securities shall have been duly served and returned, to render judgment against them for the amount due from such treasurer, with legal interest, and a penalty of ten per centum thereon; from which judgment there shall be no appeal, nor shall there be any stay of execution; and the property of such delinquent treasurer and his securities may be sold without appraisement, to satisfy such judgment.   Provided that if the court shall be satisfied that justice can not otherwise be done, they may continue such

cause; but in no case shall they grant more than two continuances." Section twenty-six authorizes the county commissioners when such suit has been commenced, to remove the defaulting treasurer and appoint a successor.

The twenty-seventh section provides that the sheriff who shall collect any money from a defaulting county treasurer or his securities, shall, within ten days, pay into the county treasury such proportion thereof as shall belong to the county or township therein, and, within thirty days, into the State treasury the proportion belonging to the State.

It is true that under these sections relief may be afforded to Mill Creek township, but do not deprive her or her treasurer of the proper common law remedy. Their effect is to cumulate remedies, to add a new process by which a defaulter can be held to account. *Darling et al* v. *Peck et al.*, 15 Ohio, 70.

The real question is, what is the common law remedy? The plaintiff says, by action. The defendant claims by mandamus.

This action is brought against George Fries, "treasurer of Hamilton county." Yet it is very clear that an execution on a judgment in the case would not reach the treasury of the county. In *Commonwealth* v. *Johnson & Felton*, 2 Binney, 275, Tilghman, C. J., says: "It is said also that if they" (speaking of supervisors, who, in Pennsylvania, are custodians of public moneys) "withhold payment without just cause they are liable to an action. Granting that they are, it must be brought against them in their private capacity, and there is no form of action against them, which, being carried into judgment, will authorize an execution to be levied on the treasury of the Northern Liberties."

Nor is there any privity of contract between the parties. In *Gidley, executor of Holland,* v. *Lord Palmerston,* 3 Brod. & Bing. 275, the defendant, as secretary of war, had received money appropriated and applicable to the payment of the retired allowance of Holland, a former clerk in the war office, and had refused to pay it over, whereupon Holland

33

having deceased, his representative brought assumpsit for the amount. Dallas, C. J., in deciding that the action would not lie, uses this language: " It is not pretended that the defendant is to be charged in respect of any express understanding or agreement between him and the testator, or in respect of any other character than his public and official character of secretary of war. It is in that character, and that only, that his duty is alleged to arise; being therefore a duty as between him and the crown only, and not resulting from any relation to or employment by the plaintiff, or any undertaking in any way to be personally responsible to him. The money received is granted by the crown, subject only to the disposition or control of the defendant as the agent or officer of the crown, and responsible to the crown for the due execution of the trust or duty so committed. There is, therefore, no duty from which the law can imply a promise to pay to the testator during his life, or to his executor after his death, nor can the money be said to have been had and received to the use of the testator, which money belonged to the crown, being received as the money of the crown, and the party receiving it being responsible to the crown only in his public character."

The principle is of very wide application. The same argument has lead to the conclusion that salaries of public officers, and money in the hands of sheriffs, assignees in bankruptcy, etc., can not be attached. In the former case, the money belongs to the government and not to the officer, until paid to him, and he has no property in it while in the hands of the government, and in the latter it is in *custodia legis*, and the defendant has no interest in it until in due course of law he receives it. *Buchanan* v. *Alexander*, 4 Howard, 20; Drake on Attachment, chapter 22.

In all cases, mandamus is the proper remedy where the money has been legally appropriated, and nothing remains for the officer to do but to make payment.

It is no objection to the mandamus, that it is simply to enforce the payment of money. *The King* v. *St. Katharine*

E. S. Bates, Treas. Mill Creek Township *v.* G. Fries, Treas. Hamilton Co.

*Dock Co.*, 4 Barn. and Ad. 360; *Wormwell* v. *Hailstone*, 6 Bing. 668; *Ohio* v. *Treasurer of Wood Co.*, 17 Ohio, 184.

In the case of the *Queen* v. *Mayor, etc., of Liverpool*, 8 Ad. and Ell. 176; S. C. 3 Nev. & P. 280, mandamus was held the proper remedy to enforce payment of a minister's stipend.

In *The King* v. *The Lords Commissioners of the Treasury*, 4 Ad. and Ell. 286, mandamus was held the proper and only remedy to enforce payment of a retired allowance to a public officer, where the money had been legally appropriated, and was in the hands of the defendants, who refused to pay it over.

In *People ex rel. Stuart* v. *Edmonds, Chamberlain of the City of New York*, 19 Barb. 468, mandamus was held the proper remedy to enforce payment of the salary of a police justice, where the demand had been legally audited and allowed by the board of supervisors.

In the case of *Thomas, Comptroller*, v. *Owens, Treasurer of Maryland*, 4 Md. 189, the same principle was established. The court in deciding that mandamus is a proper remedy, say : " When there is an appropriation and a proper warrant drawn by the comptroller, and presented to the treasurer, his duty is purely ministerial ; all he has to do in such a case is to count out the money ; an act ministerial and nothing else. If he refuse to perform it, the law will compel him, and the party injured by the delay consequent upon his delinquency, may sue his official bond, or bring a special action on the case. Ib. 230.

It follows from these principles that the treasurer, as such, can not be sued in this class of cases. We must treat the words " Treasurer of Hamilton Co.," in the title of the cause therefore as only *descriptio personæ*, and reject them as surplusage. It follows, also, that the action can not be founded on the auditor's warrant, for that is drawn on the county treasury, and if treated as an assignment, and so the predicate of an action, is not the assignment of any fund in the hands of George Fries individually.

But it is said that the supreme court of Maryland decide, and the supreme court of Pennsylvania admit, that a special action on the case will lie. This is true, but not for the money; only for the damages resulting from its being withheld. For the money is still in public custody, and can be had by proper proceedings. And even then, the conduct of the officer must have been willful and oppressive. It is not in case of the honest though mistaken attempt to discharge a duty that he is answerable for these damages.

In *Johnson's Administrator* v. *Alfred Kelly and others, Canal Commissioners*, Wright, 353, the General Assembly had directed the defendants to pay the amount of a certain award of damages to Johnson. The court would not allow the defendants' counsel to argue, and said : " The defendants are public officers. If it be true that their refusal deprived the plaintiff of a right to the money, they should be compelled to pay by mandamus. They can not be made liable in an action on the case, unless they have acted willfully and oppressively."

. As no such case is here presented, the demurrer must be sustained.

Demurrer sustained.